IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| DANIEL ANKNEY, | | |
| Plaintiff, | * | |
| | | |
| v. | * | Civil Action No. BPG-05-1636 |
| | | |
| | * | |
| METROPOLITAN LIFE | | |
| INSURANCE CO., et al., | * | |
| Defendants. | | |
| | * | |

*   *   *   *   *   *   *   *   *   *   *   *   *

MEMORANDUM

The above-referenced case, brought under the Employee
Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001
et seq., has been referred to me for all proceedings with the
consent of the parties pursuant to 28 U.S.C. § 636(c).
Plaintiff, Daniel Ankney, filed a complaint for breach of
contract in the District Court of Maryland against defendants
Verizon Wireless Messaging Services LLC (Verizon Wireless) and
Metropolitan Life Insurance Company (MetLife) for recovery of
short-term disability (STD) benefits under a "Managed Disability
Plan" (Plan).  The Plan was sponsored by plaintiff's employer,
defendant Verizon Wireless, and administered by defendant
MetLife.  On June 15, 2005 defendants removed the case to this
court on the grounds that plaintiff's claim for benefits under
the Plan presented a federal question under 28 U.S.C. § 1331
because the Plan was governed by ERISA.  Currently pending are

Defendants' Motion for Summary Judgment, Plaintiff's Response and
Motion to Remand to Maryland District Court, or in the
Alternative, Motion to Voluntarily Dismiss Without Prejudice, and
Defendants' Reply (Paper Nos. 24, 25, 26).  Although the court
originally scheduled a hearing on this matter, this hearing was
cancelled after the parties informed the court that they would
prefer to rely on their prior submissions.  (Paper No. 29).  For
the reasons discussed below, defendants' motion is GRANTED.

**I.  Background**

     Plaintiff was injured in a motor vehicle accident that
occurred on October 14, 2003 in Anne Arundel County, Maryland.
(AN 0032).[1]  Plaintiff sustained injuries to his lumbar and
cervical spine, right leg, and left arm and hand.  (Id.).  At the
time of the accident, plaintiff was employed by defendant Verizon
Wireless.  (Id.).  Because of his injuries, plaintiff was unable
to return to his job as a "scheduler" at Verizon Wireless.
(Id.).

     As an employee of defendant Verizon Wireless, plaintiff was
covered by its Managed Disability Plan which included coverage
for STD benefits and long-term disability (LTD) insurance
benefits for injured employees.  (AN 0130, 0133).  Defendant
Verizon Wireless contracted with defendant MetLife to administer

_____

     [1] "AN" refers to the plaintiff's claim file, which was
attached to defendants' motion as Exhibit 1.

the Plan.  (AN 0142).

   After being treated by his physician on October 21, 2003,
plaintiff submitted a claim to defendant MetLife for STD
benefits.  (AN 0037).  Plaintiff was granted STD benefits from
October 15, 2003 through November 10, 2003. (<u>Id.</u>).  Plaintiff's
benefits were extended twice thereafter; first until December 1,
2003 and again until December 14, 2003.  (AN 0045, 0072).  On
December 29, 2003 defendant MetLife notified plaintiff that it
would not extend his STD benefits beyond December 14, 2003,
because it had determined, based on the medical documentation
submitted with plaintiff's application for an extension of
benefits, that plaintiff was able to return to his job.  (AN
0085-86).

   On March 2, 2004 plaintiff filed a complaint in the District
Court of Maryland sitting in Baltimore County against defendants,
alleging that they breached the Plan by failing to extend his STD
benefits.  On June 15, 2005, defendants removed the case to this
court on the grounds that plaintiff's complaint raised a federal
question under 28 U.S.C. § 1331.

## II.  <u>Summary Judgment Standard</u>

   Summary judgment is appropriate when there is no genuine
issue of material fact and a decision may be rendered as a matter
of law.  Fed. R. Civ. P. 56(c); <u>see also</u> <u>Anderson v. Liberty</u>
<u>Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986).  The party moving for

summary judgment has the burden to demonstrate the absence of any genuine issue of material fact.  Fed. R. Civ. P. 56(c); <u>Pulliam Inv. Co. v. Cameo Props.</u>, 810 F.2d 1282, 1286 (4th Cir. 1987).

If there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  <u>Anderson</u>, 477 U.S. at 250.  The only facts that are properly considered "material" are those that might affect the outcome of the case under the governing law.  <u>Id.</u> at 248.  If the evidence favoring the non-moving party is "merely colorable, or is not significantly probative, summary judgment may be granted."  <u>Id.</u> at 249-50 (internal citations omitted).  Thus, the existence of only a "scintilla of evidence," is not enough to defeat a motion for summary judgment.  <u>Id.</u> at 252.

To determine whether a genuine issue of material fact exists, all facts and all reasonable inferences drawn therefrom are construed in favor of the non-moving party.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).  The non-moving party, however, may not rest on its pleadings, but must show that specific, material facts exist to create a genuine, triable issue.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986).

On those issues for which the non-moving party will have the burden of proof, it is his or her responsibility to oppose the

motion for summary judgment with affidavits or other evidence specified in the rule.  Id.; Fed. R. Civ. P. 56(e); Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1316 (4th Cir. 1993) ("The summary judgment inquiry thus scrutinizes the plaintiff's case to determine whether the plaintiff has proffered sufficient proof, in the form of admissible evidence, that could carry the burden of proof of his claim at trial.").  If a party fails to make a showing sufficient to establish the existence of an essential element on which that party will bear the burden of proof at trial, summary judgment is proper.  Celotex, 477 U.S. at 322.

## III.  Discussion

Defendants assert four arguments in support of their motion for summary judgment.  First, defendants argue that this case was properly removed to federal court because plaintiff's complaint raises a federal question.  Second, defendants argue that they are entitled to summary judgment because plaintiff's State law cause of action is substantively preempted by ERISA. Third, defendants argue that they are not proper parties in this case because only an ERISA plan itself is the proper defendant in a case involving the administrative denial of benefits. Finally, defendants argue that even if the court rejects their second and third arguments, defendant MetLife did not abuse its discretion when it determined that plaintiff's STD benefits should not be extended.

For the reasons stated below, the court concludes that: 1) this case was properly removed to federal court under the "complete preemption" doctrine; 2) plaintiff's cause of action is to be treated as having been brought under ERISA originally and, therefore, is not substantively preempted; 3) the proper defendant in this case was the Plan administrator, defendant MetLife, and not the Plan sponsor, defendant Verizon Wireless; and 4) defendant MetLife's decision to terminate plaintiff's STD benefits was not an abuse of discretion.  Accordingly, summary judgment in favor of defendants is appropriate.

**A. Removal Jurisdiction**

Plaintiff argues that this case was improperly removed to this court from the District Court of Maryland.[2]  (Paper No. 25 at 2).  Defendant argues that the removal was proper because plaintiff's State cause of action has been "completely

---

[2] In the alternative, plaintiff requests an order under Fed. R. Civ. P. 41(a)(2) for voluntary dismissal without prejudice so that he may refile his case in State court.  "A plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). Plaintiff's motion is denied for two reasons.  First, defendants would be prejudiced by having to relitigate this case after having already proceeded to the summary judgment stage in this court.  Second, because plaintiff's cause of action is completely preempted by ERISA, as discussed below, plaintiff cannot eliminate the federal question from his lawsuit.  Were this case to be refiled in State court, defendants would simply remove the case again, wasting precious judicial resources.  See Kerrin v. Federated Dept. Stores, Inc., 100 F.R.D. 715 (N.D. Ga. 1983) (rejecting a similar request).

6

preempted" by ERISA and, therefore, raises a federal question (Paper No. 24 at 9).[3]  The application of the doctrine of complete preemption to ERISA claims is well-established.  <u>See King v. Marriott Intern. Inc.</u>, 337 F.3d 421, 424-25 (4th Cir. 2003).  An action brought in State court may be removed to federal court, "'if it might have been brought in [federal court] originally.'"  <u>Sonoco Products Co. v. Physicians Health Plan, Inc.</u>, 338 F.3d 366, 370 (4th Cir. 2003) (quoting <u>Darcangelo v. Verizon Comm., Inc.</u>, 292 F.3d 181, 186 (4th Cir. 2002)).  Under 28 U.S.C. § 1331, federal district courts possess original jurisdiction over "federal questions," which are claims that "arise under" federal law.  Therefore, if an action brought in State court arises under federal law, the defendant in that action may remove the case to federal court.

        In determining whether a claim arises under federal law, the courts apply the so-called "well-pleaded complaint" rule.  This rule provides that "'a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law.'"  <u>Sonoco</u>, 338 F.3d at 370 (quoting <u>Metro. Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 63 (1987)).  The

---

        [3] Defendants also point out that plaintiff's motion to remand is untimely under 28 U.S.C. § 1447(c) which provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal."

doctrine of complete preemption is a narrow exception to the
well-pleaded complaint rule.  This doctrine holds that a basis
for federal jurisdiction exists "where Congress so completely
preempt[s] a particular area that any civil complaint raising
this select group of claims is necessarily federal in character,
the state law claims are converted into federal claims, which
may be removed to federal court."  <u>Sonoco</u>, 338 F.3d at 371
(internal quotations and citations omitted).[4]

     The Supreme Court has held that causes of action that fall
within ERISA's civil enforcement provision, § 502(a), 29 U.S.C.
§ 1132(a), have been completely preempted.  <u>Taylor</u>, 481 U.S. at
66, <u>see also</u> <u>Darcanqlelo</u>, 292 F.3d at 187.  Section 502(a)
provides, in relevant part, that "[a] civil action may be
brought ... by a participant, beneficiary, or fiduciary ... to
obtain other appropriate equitable relief ... to enforce any
provisions of this subchapter or the terms of the plan."  In
determining whether a particular state law claim has been
completely preempted, the Fourth Circuit has instructed that

---

     [4] It is important to bear in mind that "complete
preemption," a basis for jurisdiction, differs from "ordinary or
conflict preemption," (or for ease of use, "ERISA preemption")
which is used a federal defense.  <u>Sonoco</u>, 338 F.3d at 370-71.
Under complete preemption, the allegation is that the plaintiff
simply "mislabeled" his cause of action.  <u>King</u>, 337 F.3d at 425.
Under ERISA preemption, the allegation is that Congress has
eliminated the State cause of action, but may or may not have
created a federal cause of action in its place.  <u>Id.</u>

three elements must be met: 1) the plaintiff must have standing under § 502(a) to pursue the claim; 2) the claim must fall within the scope of an ERISA provision that the plaintiff can enforce via § 502(a); and 3) the claim must not be capable of resolution without an interpretation of an ERISA-governed employee benefit plan.  <u>Sonoco</u>, 338 F.3d at 372 (citing <u>Jass v. Prudential Health Care Plan, Inc.</u>, 88 F.3d 1482, 1487 (7th Cir. 1996)).

Plaintiff's cause of action clearly meets the test set out above.  First, plaintiff, as an "employee ... who is or may become eligible to receive a benefit of any type from an employee benefit plan," is a "participant" in the plan.  29 U.S.C. § 1002(7).  As a participant in the Plan, plaintiff has standing to pursue a claim for benefits due him under the Plan.  29 U.S.C. 1132(a)(1)(B).  Second, plaintiff may recover benefits due him under the Plan via the enforcement provisions in § 502(a).  Third, this case may only be resolved by interpreting an "employee welfare benefits plan," because the plan at issue here was created for the purpose of providing benefits in the event of disability, through the purchase of insurance.  29 U.S.C. § 1002(1).  Thus, plaintiff's claim meets all three elements, and has been completely preempted by ERISA.[5]

---

[5] Other courts have recognized that state law claims based on the administrative denial of benefits clearly fall under § 502(a).  <u>See, e.g.</u> <u>Chapman v. Health Works Med Group of W. Va.</u>,

Accordingly, removal from the District Court of Maryland was proper.[6]

**B.    ERISA Preemption**

Defendants, having properly removed this case to this court under the complete preemption doctrine, seek to end it here by virtue of ERISA preemption. (Paper No. 24 at 10).  Defendants argue that ERISA preemption entitles them to summary judgment because plaintiff incorrectly pursued his claim to ERISA

─────────────────

170 F. Supp. 2d 635, 641-42 (N.D. W.Va. 2001); <u>Lancaster v. Kaiser Foundation Health Plan of Mid-Atlantic States, Inc.</u>, 958 F. Supp. 1137, 1145 (E.D. Va. 1997).

[6] Plaintiff also argues that removal was improper because ERISA provides a plaintiff with a choice of forum between State and federal courts.  Plaintiff's assertion is correct in the sense that State courts generally have the power to hear cases involving federal questions.  Such cases, however, are removable to the federal courts at the option of the defendant under 28 U.S.C. § 1441.  Nothing in ERISA was meant to modify the removal jurisdiction provided by § 1441.  <u>Hooper v. Albany Intern ¥ Corp.</u>, 149 F. Supp. 2d 1315, 1323 (M.D. Ala. 2001) ("The court cannot reasonably construe the [ERISA] exception ... from exclusive federal jurisdiction to mean that it bestows on Plaintiff an irrevocable choice of forum. The removal statutes by their very nature take away a plaintiff's power to choose his forum in limited cases, and defendants have an absolute right to remove cases over which a federal court would have had original jurisdiction.").

Plaintiff also stresses the fact that his claim for damages is less than $5,000 and, therefore, would qualify as a "small claim" under State law.  The amount at issue in this case is irrelevant to the question whether it presents a removable federal question.  While there once was an amount-in-controversy requirement for federal question jurisdiction, Congress eliminated this requirement (then set at $10,000) when it passed the Federal Question Jurisdictional Amendments Act of 1980, Pub. L. No. 96-486, 94 Stat. 2369. <u>See</u> <u>Butcher v. Robertshaw Controls Co.</u>, 550 F. Supp. 692, 697 n.4 (D. Md. 1981).

benefits as a breach of contract action. "In cases of complete preemption, however, it is misleading to say that a state claim has been 'preempted' as that word is ordinarily used. In such cases, in actuality, the plaintiff simply has brought a mislabeled federal claim, which may be asserted under some federal statute." <u>King</u>, 337 F.3d at 425. "[W]hen a claim under state law is completely preempted and is removed to federal court because it falls within the scope of § 502, the federal court should not dismiss the claim as preempted, but should treat it as a federal claim under § 502." <u>Darcangelo</u>, 292 F.3d at 195. Therefore, the fiction that plaintiff simply mislabeled his claim is carried through after the case is removed to federal court. This court need not wait for plaintiff to reassert his cause of action under ERISA, it must treat the case as an ERISA action on its own accord. Therefore, defendants' argument that ERISA preemption entitles them to summary judgment is rejected.

### C.   <u>Proper Defendants in Action to Recover Benefits</u>

Defendants further argue, without citing any authority, that they are entitled to judgment as a matter of law, because as the Plan sponsor and Plan administrator, they are not proper parties to this case. (Paper No. 24 at 11). Defendants argue that they are not proper parties to this case because only the ERISA Plan itself as an entity may be sued for the

11

administrative denial of benefits.[7]   While there is no direct
circuit precedent addressing this dispute, the law in this
district is that the proper party defendant is the entity which
holds the discretionary decision-making authority over the
denial of ERISA benefits.  See Briggs v. Marriott Intern., Inc.,
368 F. Supp. 2d 461, 471-72 (D. Md. 2005), appeal docketed, No.
05-1616 (4th Cir. June 9, 2005) (citing authority and holding
that the plan administrator, as the sole holder of the
discretionary decision-making authority was a proper defendant
and that the employer was not); Reynolds v. Bethlehem Steel
Corp., 619 F. Supp. 919, 928 (D. Md. 1984) (citing additional
authority).

The language of the plan at issue in this case provides
that:

> Verizon Wireless has delegated to MetLife
> discretionary authority as to all aspects of
> claims administration for the STD portion of
> the Managed Disability Plan.  This delegation

---

[7] Some courts have held that only an ERISA plan itself is
the proper party defendant in cases involving the administrative
denial of benefits.  Jass v. Prudential Health Care Plan, Inc.,
88 F.3d 1482, 1490 (7th Cir. 1996).  The holding in Jass,
however, has engendered severe criticism and is the subject of an
apparent circuit split.  See Rivera v. Network Health Plan of
Wisconsin, 320 F. Supp. 2d 795, 798-99 (E.D. Wis. 2004); John M.
Teske, Damages Suits Under ERISA: Why Third Parties With
Discretion Over Benefit Plans Must be Held Accountable, 36 Loy.
L.A. L. Rev. 1753, 1760-67 (2003); Magin v. Monsanto Co., 420
F.3d 679, 686 (7th Cir. 2005) (recognizing that some suits have
been allowed against employers in their role as plan
administrators).  The Fourth Circuit has yet to weigh in on the
issue.

>includes the ability to render initial
>decisions on claims, render decisions on all
>appeals of denied claims, and to otherwise
>interpret the terms of the STD portion of the
>Plan.  The decision of MetLife is final and
>binding to the extent permitted under law.

(AN 0142).

Accordingly, as in <u>Briggs</u>, the employer, defendant Verizon Wireless, is not a proper party to this action because it delegated the sole authority to interpret decisions made under the plan to defendant MetLife.  Accordingly, summary judgment for defendant Verizon Wireless is appropriate on this ground. As the delegatee of this discretion, however, defendant MetLife is a proper defendant.

### D.   <u>MetLife's Decision to Terminate Plaintiff's Benefits</u>

Finally, defendants argue that defendant MetLife's decision to terminate plaintiff's STD benefits is subject to review for abuse of discretion and that defendant MetLife did not abuse its discretion when it determined that plaintiff's STD benefits should not be extended any further.  (Paper No. 24 at 11).  In determining the standard of review for a denial of benefits under ERISA, the court first decides whether the language of the plan demonstrates that the administrator has been granted discretion to determine a claimant's eligibility for benefits. <u>Gallagher v. Reliance Standard Life Ins. Co.</u>, 305 F.3d 264, 268 (4th Cir. 2002)).  If the plan confers discretion, then the

13

court reviews the decision to deny benefits for abuse of
discretion.  Feder v. Paul Revere Life Ins. Co., 228 F.3d 518,
522 (4th Cir. 2000).  Under this deferential standard, the
administrator's decision will not be disturbed if it is
reasonable, even if this court would have come to a different
conclusion independently.  Id.  Such a decision is reasonable if
it is "the result of a deliberate, principled reasoning process
and if it is supported by substantial evidence."  Brogan v.
Holland, 105 F.3d 158, 161 (4th Cir. 1997) (internal citation
omitted).  As shown above, the language of the Plan clearly
confers discretion on defendant MetLife to determine a
claimant's eligibility for benefits.

    If a court finds that discretion was granted, the court
must then determine if the plan administrator faced a conflict
of interest sufficient to lower the deference afforded to the
administrator's decision.  Doe v. Group Hospitalization &
Medical Services, 3 F.3d 80, 85 (4th Cir. 1993).  A plan
administrator faces a conflict of interest where a decision to
grant or deny benefits impacts the insurer's financial interests
as it "both administers the plan and pays for benefits received
by its members."  Bernstein v. CapitalCare, Inc., 70 F.3d 783,
788 (4th Cir. 1995).  In this case, because the STD portion of
the plan is self-insured, defendant Verizon Wireless is
responsible for paying STD benefits.  (AN 0135).  Therefore, no

conflict of interest is present, and defendant MetLife's decision to deny plaintiff's STD benefits should be determined under an abuse of discretion standard.

Here, defendant MetLife denied plaintiff's claim for STD benefits after two levels of review. Under the ERISA plan at issue, an employee is considered disabled for purposes of receiving STD benefits, "when the employee is absent from work because of an impairment for which there is material medical evidence that ... the employee cannot perform the Essential Functions of his or her job at Verizon Wireless." (AN 0085, 0137). Defendant MetLife determined that plaintiff had recovered from the injuries he had sustained as a result of his motor vehicle accident to the point where he could perform the "Essential Functions of his ... job at Verizon Wireless." (AN 0085).

Defendant MetLife based its decision to terminate plaintiff's STD benefits on daily progress notes maintained by plaintiff's physical therapist, as well as a reevaluation of plaintiff's condition by his physical therapist. (Id.). Defendant MetLife found that the physical therapy notes showed that plaintiff's condition improved over the course of therapy. (Id.). At the time of his reevaluation, plaintiff's range of motion in his lumbar and cervical spine improved to 75-100%, although his side bending was still limited to 50-75%. (Id.).

15

Defendant MetLife noted that this increase in range of motion was accompanied by a general decrease in plaintiff's back pain. (Id.).

Defendant MetLife observed that the reevaluation "also indicated ... an increase in tolerance to sitting and standing activities." (Id.). Defendant MetLife also considered an "out of work" slip submitted by plaintiff's treating physician, Dr. Douglas Shepard. (AN 0075, 0085-86). Dr. Shepard stated on December 16, 2003 that plaintiff would be unable to perform his usual work duties from December 15, 2003 until January 13, 2004 "or until surgery is approved." (AN 0075). Defendant MetLife discounted this conclusion on the grounds that Dr. Shepard's opinion was not accompanied by any indication that plaintiff could not perform the "essential functions" of his job. (AN 0085-86).

After plaintiff appealed the initial determination, defendant MetLife submitted plaintiff's claim to an Independent Physician Consultant for review. (AN 0128). Although a plan administrator may not "arbitrarily ignore the opinions of [plaintiff's] treating physicians, it reasonably may choose to value the opinions of its own medical consultants over [plaintiff's] treating physician." Briggs, 368 F. Supp. 2d at 470 (citing Black & Decker Disability Plan v. Nord, 538 U.S. 822, 834 (2003)). After summarizing the findings of plaintiff's

16

treating physicians and physical therapist, the independent consultant concluded that there was nothing to support plaintiff's assertion that he suffered from functional limitations beyond December 14, 2003.  (AN 0129).  Defendant MetLife considered the opinion of the independent consultant, along with plaintiff's claim history, and concluded that there was no medical documentation to support a finding of disability. (Id.).

In sum, defendant MetLife's decision appears to be "the result of a deliberate principled reasoning process" and to be "supported by substantial evidence."  Brogan, 105 F.3d at 161 (internal citation omitted).  Accordingly, summary judgment is granted to defendant MetLife on this ground.  Summary judgment is also granted to defendant Verizon Wireless on this additional ground.

**IV.    Conclusion**

For the foregoing reasons, Defendants' Motion for Judgment (Paper No. 24) is GRANTED.  A separate order shall issue.

Date: 07/05/06                          /S/
                                        Beth P. Gesner
                                        United States Magistrate Judge

17